```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF WASHINGTON

ANNA M. CAREY,                    )
                                  )
               Plaintiff,         )   NO.  CV-05-322-LRS
                                  )
    -vs-                          )   ORDER DISMISSING COMPLAINT
                                  )   WITH LEAVE TO AMEND
UNITED STATES FEDERAL BUREAU OF   )
INVESTIGATION,                    )
                                  )
               Defendant.         )
```

On October 12, 2005, plaintiff, acting pro se, initiated this action by filing by filing a Complaint accompanied by a Civil Cover Sheet. The Complaint includes only an indication that the plaintiff is a resident of Yakima County and that the nature of the cause of action is "assault and reward for turning in the Al-Quida." Plaintiff filed an application to proceed *in forma pauperis*, which was granted on October 17, 2005.

Federal courts must review a case filed in forma pauperis prior to service of process. 28 U.S.C. § 1915(e). An in forma pauperis complaint shall be dismissed if the allegation of poverty is not true, or if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ORDER - 1

1     Pro se pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir.1988). However, when reviewing a complaint, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir.1992). If a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir.1987).

    Plaintiff's complaint fails to state a claim upon relief can be granted as it utterly fails to comply with Fed.R.Civ.P. 8(a) which requires a complaint to contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.

    Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

///
///
///
///

ORDER - 2

from this decision could not be taken in good faith. Should plaintiff wish to refile her case, she must file a complaint complying with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to plaintiff.

**DATED** this ___20th___ day of October, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3